UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

MOHAMED A. HUSSEIN, an individual, and )
HASSAN HIRSI, an individual,                      )
                                                                    )     Case No.  2:16-cv-278-RAJ
                                   Plaintiffs,              )
                      v.                                        )     **SECOND AMENDED CLASS**
                                                                    )     **ACTION COMPLAINT**
AIR SERV CORPORATION, a foreign     )
corporation,                                              )
                                                                    )
                                   Defendant.            )
                                                                    )
_____

     Plaintiffs Mohamed A. Hussein and Hassan Hirsi ("Plaintiffs"), by their attorneys and on

behalf of all others similarly situated (i.e., the "Class" as defined below), complain against

Defendant and allege as follows:

## NATURE OF THE ACTION

     1.    Plaintiff brings this class action individually and on behalf of the Class against

Air Serv Corp. under Chapter 7.45, *et seq.*, of the City of SeaTac Municipal Code, the City's

minimum wage ordinance (the "Ordinance"), and for unjust enrichment, upon personal

knowledge as to themselves and their own acts, and as to all other matters upon information and

belief based on the investigation made by their attorneys.

Second Amended Class Action Complaint - 1

2.      The facts giving rise to this action involve the Defendant's violations of the Ordinance by failing to pay the prevailing minimum wage to hourly workers within the Class.

3.      As a result of Defendant's wrongful conduct, the Plaintiff and the Class have been injured.

## PARTIES

4.      Plaintiff Mohamed A. Hussein is a natural person and at all times relevant hereto has been a resident of King County, Washington.  From May 13, 2015, through May 27, 2015, Plaintiff worked for the Defendant as a warehouse clerk at an hourly wage rate less than $15.00.

5.      Plaintiff Hassan Hirsi is a natural person and at all times relevant hereto has been a resident of King County, Washington.  From May 2015, through the present, Plaintiff  Hirsi worked for the Defendant cleaning and maintaining sewer/septic and lavatory tanks on aircraft at an hourly wage rate less than $15.00.

6.      On information and belief, Air Serv Corp. is a subsidiary, affiliate, or business name of ABM Industries, Inc., having been acquired by ABM on or about October 8, 2012.  Air Serv's corporate headquarters are located as 3399 Peachtree Road, NE, Suite 1500, Atlanta, GA  30326.

7.      Defendant Air Serv Corp. describes itself in online publicity as follows:

> Founded in 2002, Air Serv employs approximately 12,000 employees worldwide and is a leading provider of integrated facility management services for the world's leading airlines and freight companies at airports throughout the United States and United Kingdom. The rapidly growing company provides a range of janitorial, passenger, security services and transportation services to over 50 airports, including 27 of the top 40 markets in the U.S. and 12 of the top 30 airports worldwide, and is the global leader in wheelchair, baggage handling and skycap services. Air Serv generates annual revenues of approximately $300 million.

Second Amended Class Action Complaint - 2

8.      Air Serv, is the employer of the Plaintiff and the Class.

## JURISDICTION AND VENUE

9.      The defendant is located or is doing business in King County, Washington.  The wrongful acts complained of here occurred in whole or in part in King County, Washington. This court had personal jurisdiction over the Defendant and subject matter jurisdiction over the matters related to this action.

## SUBSTANTIVE ALLEGATIONS

10.     Section 7.45.050 of the Ordinance requires certain employers within the City to pay a $15 minimum wage to certain employees, subject to annual adjustments to be effective on January 1 of the next successive year.  The law became effective on January 1, 2014.

11.     The minimum wage for 2014 was $15 and for 2015 was $15.25.

12.     The two categories of employers that are subject to the Ordinance are identified as "Hospitality Employers" and "Transportation Employers."

13.     A Hospitality Employer is defined as follows:

> "*Hospitality Employer*" means a person who operates within the City any Hotel that has one hundred (100) or more guest rooms and thirty (30) or more workers or who operates any institutional foodservice or retail operation employing ten (10) or more nonmanagerial, nonsupervisory employees. This shall include any person who employs others providing services for customers on the aforementioned premises, such as a temporary agency or subcontractor.

14.     A Transportation Employer is defined as:

> "*Transportation Employer*" means:
> 1)  A person, excluding a certificated air carrier performing services for itself, who:
>
>          a) operates or provides within the City any of the following: any curbside passenger check-in services;

Second Amended Class Action Complaint - 3

baggage check services; wheelchair escort services; baggage handling; cargo handling; rental luggage cart services; aircraft interior cleaning; aircraft carpet cleaning; aircraft washing and cleaning; aviation ground support equipment washing and cleaning; aircraft water or lavatory services; aircraft fueling; ground transportation management; or any janitorial and custodial services, facility maintenance services, security services, or customer service performed in any facility where any of the services listed in this paragraph are also performed; and
b) employs twenty-five (25) or more nonmanagerial, nonsupervisory employees in the performance of that service.

2)  A transportation employer also includes any person who:

a) operates or provides rental car services utilizing or operating a fleet of more than one hundred (100) cars; shuttle transportation utilizing or operating a fleet of more than ten (10) vans or buses; or parking lot management controlling more than one hundred (100) parking spaces; and
b) employs twenty-five (25) or more nonmanagerial, nonsupervisory employees in the performance of that operation.

15.    The two categories of employees that are subject to the Ordinance are "Hospitality Workers" and "Transportation Workers."

16.    A Hospitality Worker is defined as:

"*Hospitality Worker*" means any nonmanagerial, nonsupervisory individual employed by a Hospitality Employer.

17.    A Transportation Worker is defined as:

"*Transportation Worker*" means any nonmanagerial, nonsupervisory individual employed by a Transportation Employer.

BADGLEY MULLINS TURNER PLLC
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
TEL 206.621.6566
FAX 206.621.9686

**FACTUAL ALLEGATIONS AS TO PLAINTIFFS**

18.     Plaintiff Hussein was employed by Defendant Air Serv Corp. as a baggage handler from May 13, 2015, through May 27, 2015. During this period, he was paid an hourly wage rate of $10.00 per hour.

19.     Plaintiff Hirsi has worked for Defendant Air Serv Corp. cleaning and maintaining sewer/septic and lavatory tanks on aircraft from May 2014 to the present.  During this time he has been paid at an hourly wage rate of $10,50.

20.     By failing to pay the prevailing minimum wage, Defendant acted unlawfully and proximally caused damages to the Plaintiffs in an amount to be proven at trial.

**CLASS ALLEGATIONS**

21.     Plaintiffs bring this class action pursuant to Civil Rule 23 on behalf of himself and all members of the following Class:

> All employees of the Defendant who have been either Hospitality Workers or Transportation Workers and who worked one or more hours within the City of SeaTac at any time during the time period from January 1, 2014, to the present, and who were paid less than the prevailing minimum wage prescribed by City of SeaTac Ordinance 7.45.050.

22.     Plaintiffs reserve the right to amend or modify this Complaint and/or the Class definition after receiving Defendant' Answer and responses to meaningful discovery and/or in the motion for class certification.

23.     Members of the Class are so numerous and geographically dispersed that joinder of all Class members is impracticable. The precise number and identities of Class members are unknown to Plaintiffs but should be obtainable through notice and discovery. Notice can be provided through a variety of means including publication, the cost of which is properly imposed on Defendant.

**BADGLEY MULLINS TURNER** PLLC
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
TEL 206.621.6566
FAX 206.621.9686

24.     Plaintiffs will fairly and adequately protect the interests of all Class members and has retained counsel competent and experienced in class and employment litigation and who has been repeatedly found to be adequate to represent the interests of class members in other complex class actions.

25.     Plaintiffs' claims are typical of the claims of the Class whose members sustained similar types of injury arising out of the conduct challenged in this action.  The injuries flow from the common nucleus of operative facts detailed above.

26.     There is a well-defined community of interest in the common questions of law and/or fact alleged herein since the rights of each Class member were infringed or violated in a similar fashion based upon Defendant's wrongdoing or arise out of similar legal obligations.

27.     The common questions of law and fact detailed in this Complaint predominate over any questions solely affecting individual Class members.  Defendant engaged in a common course of conduct giving rise to the legal rights sought to be enforced by Plaintiffs and the Class members.  Individual questions, if any, pale by comparison to the numerous common questions that predominate.

28.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy because joinder of all Class members is impracticable. Furthermore, the expense and burden of individual litigation make it impossible for the Class members to individually redress the wrongs done to them.

29.     The claims in this action are manageable on a class-wide basis and can be the subject of a class-wide plan for litigating and resolving these issues.

Second Amended Class Action Complaint - 6

BADGLEY MULLINS TURNER PLLC
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
TEL 206.621.6566
FAX 206.621.9686

30.     Defendant has also acted or has refused to act on grounds generally applicable to the Class, thereby making it appropriate to grant final declaratory and injunctive relief with respect to the Class as a whole.

### CAUSES OF ACTION

### Count 1 – Statutory Violations

31.     RCW 49.46.120 establishes Washington State's minimum wage and provides for enforcement of more favorable minimum wages that may be established federal, state, or local law or ordinance.

32.     Pursuant to RCW 49.46.090, "Any employer who pays any employee less than wages to which such employee is entitled under or by virtue of this chapter, shall be liable to such employee affected for the full amount of such wage rate, less any amount actually paid to such employee by the employer, and for costs and such reasonable attorney's fees as may be allowed by the court."

33.     Pursuant to RCW 49.52.050,

> Any employer or officer, vice principal or agent of any employer, whether said employer be in private business or an elected public official, who
>
> ***
>
> (2) Wilfully and with intent to deprive the employee of any part of his or her wages, shall pay any employee a lower wage than the wage such employer is obligated to pay such employee by any statute, ordinance, or contract;
>
> ***
>
> Shall be guilty of a misdemeanor.

34.     Pursuant to 49.52.070,

> Any employer and any officer, vice principal or agent of any employer who shall violate any of the provisions of RCW 49.52.050 (1) and (2) shall be liable in a civil action by the aggrieved employee or his or her assignee to judgment for twice the amount of the wages unlawfully rebated or withheld by

Second Amended Class Action Complaint - 7

way of exemplary damages, together with costs of suit and a reasonable sum for attorney's fees: PROVIDED, HOWEVER, That the benefits of this section shall not be available to any employee who have knowingly submitted to such violations.

35.     Defendant has violated the foregoing statutes and are liable to the Plaintiffs and the Class for actual damages, double damages, and attorneys' fees and costs.

### Count 2 – Unjust Enrichment

36.     As described more fully above, the Defendant has been unjustly enriched by wrongfully withholding wages from the Class.

### Count 3 – Injunctive and Declaratory Relief

37.     As described more fully above, the Plaintiffs and the Class are entitled to a declaration of their right to be paid the prevailing minimum wage and an injunction prohibiting the Defendant from further violations of the Ordinance.

### PRAYER FOR RELIEF

Based upon the above allegations, Plaintiffs request the following relief as appropriate for each cause of action:

A.     An Order certifying that this action be maintained as a class action and appointing Plaintiffs as Representatives of the Class and their counsel as Class counsel;

B.     For all actual, incidental, consequential, exemplary and/or statutory damages as provided for by law under the above causes of action that permit such relief including double damages under RCW 49.52.050 and .070, or other monies expended by Plaintiffs and members of the Class;

C.     For preliminary and permanent injunctive relief prohibiting, restraining and enjoining Defendant from engaging in the conduct complained of herein;

Second Amended Class Action Complaint - 8

**BADGLEY MULLINS TURNER** PLLC
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
**TEL** 206.621.6566
**FAX** 206.621.9686

D.      For an award of attorneys' fees to the extent available under applicable law;

E.      For costs of suit herein incurred;

F.      For pre- and post-judgment interest; and/or

G.      For such other and further relief as this Court deems appropriate or which is allowed for in law or equity.

## DEMAND FOR JURY TRIAL

Plaintiffs demand a trial by jury on all claims so triable as a matter of right, and for an advisory jury on all other causes of action.

DATED this 16th day of March, 2016.


                                BADGLEY MULLINS TURNER PLLC


                                /s/Duncan C. Turner
                                Duncan C. Turner, WSBA No. 20597
                                19929 Ballinger Way NE, Suite 200
                                Seattle, WA 98155
                                Telephone:  (206) 621-6566
                                Facsimile:   (206) 621-9686
                                Email:  duncanturner@badgleymullins.com


                                CLEVELAND STOCKMEYER PLLC


                                /s/Cleveland Stockmeyer
                                Cleveland Stockmeyer, WSBA No. 21636
                                8056 Sunnyside Ave. N.
                                Seattle, WA 98103
                                Telephone: (206) 419-4385
                                Email: cleve@clevelandstockmeyer.com

Second Amended Class Action Complaint - 9

LAW OFFICE OF DANIEL R. WHITMORE


/s/Daniel R. Whitmore_____
Daniel R. Whitmore, WSBA No. 24012
2626 15th Avenue West, Suite 200
Seattle, WA 98119
Telephone: (206) 329-8400
Facsimile: (206) 329-84001
Email: dan@whitmorelawfirm.com

Second Amended Class Action Complaint - 10