The Honorable Robert Lasnik

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON
### AT SEATTLE

| | |
|---|---|
| MOHAMED A. HUSSEIN, an individual, and HASSAN HIRSI, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>AIR SERV CORPORATION, a foreign corporation,<br><br>Defendant. | Case No. 2:16-cv-00278 RSL<br><br>[PROPOSED] ORDER GRANTING STIPULATED MOTION FOR CLASS CERTIFICATION AND APPOINTMENT OF CLASS COUNSEL AND REPRESENTATIVES |

Before the Court is the Parties' Stipulated Motion for Class Certification, Appointment of Class Counsel and Class Representatives (the "Stipulated Motion"). The Court has considered the Stipulated Motion, together with its supporting declarations and exhibits.

## I. MOTION FOR CLASS CERTIFICATION.

UPON CONSIDERATION, the Court finds the Motion for Class Certification should be and hereby is GRANTED.

The Court makes the following Finding with respect to the Stipulated Motion:

**A.   Standard of Review**

A party seeking to certify a class must establish that the requirements of Fed. R. Civ. P. 23 are met. *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 617 (1997). A court must engage in a

[PROPOSED] ORDER GRANTING STIPULATED MOTION FOR CLASS CERTIFICATION AND APPOINTMENT OF CLASS COUNSEL AND REPRESENTATIVES- 1
2:16-cv-00278

BADGLEY MULLINS TURNER PLLC
19929 Ballinger Way NE, Suite 200
Shoreline, WA 98155
TEL 206.621.6566
FAX 206.621.9686

4828-7383-9189.1

"rigorous analysis" to determine whether the requirements of Fed. R. Civ. P. 23 are satisfied. *Gen. Tel. Co. of the Southwest v. Falcon*, 457 U.S. 147, 161 (1982). However, the evidentiary showing need not be extensive. *Blackie v. Barrack*, 524 F. 2d 891, 901 (9th Cir. 1975).

**B.   Plaintiff has satisfied Fed. R. Civ. P. 23(a)**

To be certified under Fed. R. Civ. P. 23(b)(3), Plaintiffs and the proposed Class must first satisfy all the requirements of Fed. R. Civ. P. 23(a):

> One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

**1. Numerosity.**

The Class's size is sufficiently numerous to meet the requirement of numerosity. There are, at least, hundreds of Class members in the Class. As a general rule a potential class of 40 members is considered impractical to join. *Cox v. Am. Cast Iron Pipe Co.*, 784 F.2d 1546, 1553 (11th Cir.1986). Accordingly, Plaintiffs have met their burden of showing that the proposed Class is so numerous that joinder is impracticable.

**2. Commonality**

A class meets the commonality requirement when "the common questions it has raised are 'apt to drive the resolution of the litigation' no matter their number. *Jiminez v. Allstate Ins. Co.*, 765 F.3d 1161, 1165 (9th Cir. 2014). Here, Plaintiffs have alleged that the Defendant engaged in a common course of conduct by failing to pay the minimum wage mandated by City of SeaTac Ordinance 7.45.

[PROPOSED] ORDER GRANTING STIPULATED
MOTION FOR CLASS CERTIFICATION AND
APPOINTMENT OF CLASS COUNSEL AND
REPRESENTATIVES- 2
2:16-cv-00278

BADGLEY MULLINS TURNER PLLC
19929 Ballinger Way NE, Suite 200
Shoreline, WA 98155
TEL 206.621.6566
FAX 206.621.9686

4828-7383-9189.1

The Class's common questions include:

- Whether the Defendant had a duty to pay its non-managerial employees who qualify as Transportation Workers under the Ordinance the minimum hourly wages provided within the Ordinance prior to February 12, 2016.

- Whether the Defendant willfully withheld the minimum hourly wages provided within the Ordinance.

- Whether the Defendant's alleged failure to pay its employees who qualify as Transportation Workers under the Ordinance the minimum hourly wages provided within the Ordinance constituted a statutory violation.

- Whether the Defendant was unjustly enriched by withholding the minimum hourly wages provided within the Ordinance.

- Whether employees who qualify as Transportation Workers under the Ordinance are entitled to receive double damages as result of the Defendant's alleged willful withholding of the minimum hourly wages provided within the Ordinance.

Any one of these common questions of fact and law is sufficient to satisfy the Fed. R. Civ. P. 23(a) commonality requirement.

**3. Typicality**

The proposed Class Representatives' claims are typical of the Class because Plaintiffs' claims arise from the same alleged course of conduct and are based on the same legal theories regarding the Defendant's allegedly wrongful conduct. Each Class member has claims based on the same legal theories as Plaintiffs, i.e., alleged failure to pay the prevailing minimum wage. Typicality has been interpreted to mean that "a class representative must be part of the class and 'possess the same interest and suffer the same injury' as the class members." *Falcon*, 457 U.S. at 156 (*quoting East Texas Motor Freight Sys., Inc., v. Rodriguez*, 431 U.S. 395, 403 (1977)). Accordingly, Plaintiff's claims satisfy the typicality requirement of Fed. R. Civ. P. 23.

[PROPOSED] ORDER GRANTING STIPULATED
MOTION FOR CLASS CERTIFICATION AND
APPOINTMENT OF CLASS COUNSEL AND
REPRESENTATIVES- 3
2:16-cv-00278

**BADGLEY MULLINS TURNER** PLLC
19929 Ballinger Way NE, Suite 200
Shoreline, WA 98155
TEL 206.621.6566
FAX 206.621.9686

4828-7383-9189.1

### 4. Adequacy

The proposed Class Representatives and their counsel will fairly and adequately protect the interests of the Class. Plaintiffs have no antagonistic or conflicting interests with absent Class members and Class counsel are experienced in employment litigation and class action practice.

### 5. The Requirements of Fed. R. Civ. P. 23(b)(3) Are Met.

This dispute for every member of the proposed Class revolves around questions common to the Class, listed above. Answering those common questions will determine the liability (or lack thereof) of the Defendant to every member of the proposed Class. Accordingly, common questions predominate over individual questions and answering these questions in a single forum "would achieve economies of time, effort, and expense, and promote uniformity of decision as to persons similarly situated, without sacrificing procedural fairness or bringing about other undesirable results." 1966 Advisory Committee Notes, Rule 23(b)(3). In addition, a class action is superior to other available means for the fair and efficient adjudication of this controversy. Fed. R. Civ. P. 23(b)(3) recites that a court should consider: (A) the interest of members of the class in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; (D) the difficulties likely to be encountered in the management of a class action. All of these factors favor certification here. Hundreds of Class members bringing individual claims would not conserve time, effort and expense or provide a forum for claimants like those here. Absent Class members are unlikely to have any interest in individually controlling their claims, and the claims of former employees might go unaddressed but for their

[PROPOSED] ORDER GRANTING STIPULATED
MOTION FOR CLASS CERTIFICATION AND
APPOINTMENT OF CLASS COUNSEL AND
REPRESENTATIVES- 4
2:16-cv-00278

BADGLEY MULLINS TURNER PLLC
19929 Ballinger Way NE, Suite 200
Shoreline, WA 98155
TEL 206.621.6566
FAX 206.621.9686

4828-7383-9189.1

inclusion in a class action. The Defendant has substantial contacts in Washington state and all of the Class members live (or have lived) here; therefore, this jurisdiction has a particular interest in this matter, making this a desirable location to litigate these claims.

IT is, accordingly, hereby ORDERED, ADJUDGED AND DECREED:

1. This action shall be maintained as a Class Action under Fed. R. Civ. P. 23(b)(3) and on behalf of the following Class:

    All employees of Air Serv who have been Transportation Workers and who worked one or more hours within the City of SeaTac at any time during the time period from January 1, 2014, to February 12, 2016 who can be ascertained from Air Serv's records as having been paid less than the prevailing minimum wage prescribed by City of SeaTac Ordinance 7.45.050 050 and who have not recovered back wages under separate legal action.

2. Plaintiffs are appointed Class Representatives.

3. Plaintiffs' Counsel are hereby appointed and designated as counsel for the above-mentioned Class and are authorized to act on behalf of the members of the Class.

**IT IS SO ORDERED**

DATED: March 1, 2017

*/s/ Robert S. Lasnik*
Hon. Robert S. Lasnik
U.S. District Judge

[PROPOSED] ORDER GRANTING STIPULATED
MOTION FOR CLASS CERTIFICATION AND
APPOINTMENT OF CLASS COUNSEL AND
REPRESENTATIVES- 5
2:16-cv-00278

4828-7343-9189.1

BADGLEY MULLINS TURNER PLLC
19929 Ballinger Way NE, Suite 200
Shoreline, WA 98155
TEL 206.621.6566
FAX 206.621.9686

PRESENTED BY:

BADGLEY MULLINS TURNER PLLC

*/s/ Duncan C. Turner*
Duncan C. Turner, WSBA # 20597
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
Telephone: (206) 621-6566
Facsimile: (206) 621-9686
Email: duncanturner@badgleymullins.com
**Attorney for Plaintiffs**

LAW OFFICE OF DANIEL R. WHITMORE

*/s/Daniel R. Whitmore*
Daniel R. Whitmore, WSBA No. 24012
2626 15th Avenue West, Suite 200
Seattle, WA 98119
Telephone: (206) 329-8400
Facsimile: (206) 329-84001
Email: dan@whitmorelawfirm.com
**Attorney for Plaintiffs**

SEBRIS BUSTO JAMES

*/s/Jeffrey A. James*
Jeffrey A. James, WSBA #18277
Darren A. Feider, WSBA #22430
14205 SE 36th Street, Suite 325
Bellevue, WA 98006
Telephone: (425) 454-4233
Email: jaj@sebrisbusto.com
Email: dfeider@sebrisbusto.com
**Attorneys for Defendant**

[PROPOSED] ORDER GRANTING STIPULATED MOTION FOR CLASS CERTIFICATION AND APPOINTMENT OF CLASS COUNSEL AND REPRESENTATIVES- 6
2:16-cv-00278

**BADGLEY MULLINS TURNER** PLLC
19929 Ballinger Way NE, Suite 200
Shoreline, WA 98155
TEL 206.621.6566
FAX 206.621.9686

4828-7383-9189.1