The Honorable Robert S. Lasnik

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF WASHINGTON AT SEATTLE

MOHAMED A. HUSSEIN, an individual, and
HASSAN HIRSI, an individual,

        Plaintiffs,

        vs.

ABM INDUSTRIES, INC., a foreign
corporation, ABM FACILITY SERVICES,
INC., a foreign corporation, and AIR SERV
CORPORATION, a foreign corporation,

        Defendants.

Case No.  2:16-cv-278-RAJ

**STIPULATED PROTECTIVE ORDER**

**Hearing Date: April 6, 2017**

Plaintiffs and defendants through their respective counsel jointly move the Court to enter the following Protective Order regarding Confidentiality pursuant to Federal Rule of Civil Procedure ("FRCP") 26(c).

1.   <u>PURPOSES AND LIMITATIONS</u>

Discovery in this action is likely to involve production of trade secret, confidential, proprietary, commercially valuable or private information for which special protection may be warranted. Disclosure of such confidential information may cause financial or competitive harm to one or both Parties. Accordingly, the Parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this agreement is consistent with LCR 26(c). It does not confer blanket protection on all disclosures or responses to discovery, the protection it affords from public disclosure and use extends only to the limited

STIPULATED PROTECTIVE ORDER - 1

SEBRIS BUSTO JAMES
14205 SE 36th Street – Suite 325
Bellevue, Washington 98006
Tel: (425) 454-4233 – Fax: (425) 453-9005

1  information or items that are entitled to confidential treatment under the applicable legal
2  principles, and it does not presumptively entitle parties to file confidential information under
3  seal.

4  2.    DESIGNATED MATERIALS

5      Designated Materials shall include the documents, tangible items, or testimony produced,
6  elicited, or otherwise exchanged in this action which the party producing, disclosing or receiving
7  such materials (the "Designating Party") designates as "Confidential" or "Highly Confidential –
8  Attorneys' Eyes Only." Designated Materials include, but are not limited to, names and contact
9  information of customers, partners and employees; contracts and agreements with customers,
10 partners and employees; information maintained as confidential during the normal course of
11 business related to pricing, revenue, strategy and other commercial interests; and research and
12 development related to content distribution.

13     2.1    Designated Materials marked "Confidential" shall include any document, file,
14 portion of file, transcribed testimony or other material that the Designating Party in good faith
15 reasonably believes comprise confidential information related to customers, partners, employees,
16 research, development, and commercial interests.

17     2.2    Designated Materials marked as "Highly Confidential - Attorneys' Eyes Only"
18 shall include any document, file, portion of file, transcribed testimony or other material that the
19 Designating Party in good faith reasonably believes comprises trade secrets or other competitive
20 sensitive confidential information, research, development, financial or other commercial
21 information that requires heightened protection. Designated Materials may be designated
22 "Highly Confidential - Attorneys' Eyes Only" only if the Designating Party believes in good
23 faith that designation as "Confidential" will not provide adequate protection.

24 3.    SCOPE

25     The protections conferred by this Order cover not only Designated Materials (as defined
26 above), but also (1) any information copied or extracted from Designated Materials; (2) all
27 copies, excerpts, summaries, or compilations of Designated Materials; and (3) any testimony,

28

STIPULATED PROTECTIVE ORDER - 2

1  conversations, or presentations by Parties or their counsel that might reveal Designated

2  Materials.  However, the protections conferred by this Order do not cover information that is in

3  the public domain or becomes part of the public domain through trial or otherwise.

4  4.        ACCESS TO AND USE OF DESIGNATED MATERIALS

5          4.1      Basic Principles.    A receiving party may use Designated Materials that are

6  disclosed or produced by another party or by a non-party in connection with this case only for

7  prosecuting, defending, or attempting to settle this litigation.  Designated Materials may be

8  disclosed only to the categories of persons and under the conditions described in this Order.

9  Designated Materials must be stored and maintained by a receiving party at a location and in a

10  secure manner that reasonably ensures that access is limited to the persons authorized under this

11  Order.

12          4.2      Disclosure of "Confidential" Information or Items.  Unless otherwise ordered by

13  the Court or permitted in writing by the Designating Party, material designated as "Confidential"

14  may be disclosed only to the following persons:

15                    (a)  the receiving party;

16                    (b)  the receiving party's counsel of record in this action, as well as employees of

17  counsel to whom it is reasonably necessary to disclose the information for this litigation;

18                    (c)  the officers, directors, and employees (including in house counsel) of the

19  receiving party to whom disclosure is reasonably necessary for this litigation;

20                    (d)  experts and consultants to whom disclosure is reasonably necessary for this

21  litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

22                    (e)  the Court, court personnel, and court reporters and their staff;

23                    (f)  copy or imaging services retained by counsel to assist in the duplication of

24  Designated Materials, provided that counsel for the party retaining the copy or imaging service

25  instructs the service not to disclose any Designated Materials to third parties and to immediately

26  return all originals and copies of any Designated Materials;

27

28

STIPULATED PROTECTIVE ORDER - 3

1   (g) during their depositions, witnesses in the action to whom disclosure is
2   reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound"
3   (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the Court. Pages of
4   transcribed deposition testimony or exhibits to depositions that reveal Designated Materials must
5   be separately bound by the court reporter and may not be disclosed to anyone except as permitted
6   under this Order; or

7   (h) the author or recipient of a document containing the information or anyone
8   shown on the document as having received it in the ordinary course of business.

9   4.3   Disclosure of "Highly Confidential – Attorneys' Eyes Only" Information or
10  Items. Unless otherwise ordered by the Court or permitted in writing by the Designating Party,
11  material designated as "Highly Confidential – Attorneys' Eyes Only" may be disclosed only to
12  the following persons:

13  (a) the receiving party's counsel of record in this action, as well as employees of
14  counsel to whom it is reasonably necessary to disclose the information for this litigation;

15  (b) in house counsel and paralegals of the receiving party to whom disclosure is
16  reasonably necessary for this litigation;

17  (c) experts and consultants to whom disclosure is reasonably necessary for this
18  litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

19  (d) the Court, court personnel, and court reporters and their staff;

20  (e) copy or imaging services retained by counsel to assist in the duplication of
21  Designated Materials, provided that counsel for the party retaining the copy or imaging service
22  instructs the service not to disclose any Designated Materials to third parties and to immediately
23  return all originals and copies of any Designated Materials;

24  (f) during their depositions, witnesses in the action to whom disclosure is
25  reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound"
26  (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the Court. Pages of
27  transcribed deposition testimony or exhibits to depositions that reveal Designated Materials must

28

STIPULATED PROTECTIVE ORDER - 4

1    be separately bound by the court reporter and may not be disclosed to anyone except as permitted
2    under this Order; or

3           (g) the author or recipient of a document containing the information or anyone
4    shown on the document as having received it in the ordinary course of business.

5       4.4     To qualify as an Approved Expert or an Approved Consultant, the person must
6    first review and sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A); only then
7    may s/he review documents protected by this Order.  If an expert or consultant is unable for any
8    reason to fully abide by the terms of Exhibit A s/he shall not be allowed to review protected
9    documents.

10       4.5     Persons who are authorized to review Designated Materials shall hold such
11    materials in confidence and shall not disclose their contents, either verbally or in writing, to any
12    person not otherwise authorized to receive such information under this Stipulated Protective
13    Order, except as otherwise required by law.

14       4.6     <u>Filing Designated Materials</u>. Before filing Designated Materials or discussing or
15    referencing such material in court filings, the filing party shall confer with the Designating Party
16    to determine whether the Designating Party will remove the confidential designation, whether
17    the document can be redacted, or whether a motion to seal or stipulation and proposed order is
18    warranted. Local Civil Rule 5(g) sets forth the procedures that must be followed and the
19    standards that will be applied when a party seeks permission from the Court to file material
20    under seal. If a party is seeking injunctive relief or faces a filing deadline of less than five (5)
21    days, the party may file redacted documents consistent with the letter and spirit of the Order
22    without first conferring with the Designating Party.

23       4.7     <u>Non-Designated Materials</u>.   Materials exchanged in this action, regardless of
24    designation as "Confidential" or "Highly Confidential – Attorneys' Eyes Only," shall be used by
25    the receiving party solely in connection with this litigation and not for any other purpose.

26

27

28

STIPULATED PROTECTIVE ORDER - 5

SEBRIS BUSTO JAMES
14205 SE 36th Street – Suite 325
Bellevue, Washington 98006
Tel: (425) 454-4233 – Fax: (425) 453-9005

5.   DESIGNATING PROTECTED MATERIAL

    5.1   Manner and Timing of Designations. Except as otherwise provided in this Order (see, *e.g.*, paragraph 5.1(a)), or as otherwise stipulated or ordered, disclosure or discovery material that qualifies for protection under this Order must be clearly so designated before or when the material is disclosed or produced.

    (a) Information in documentary form (*e.g.*, paper or electronic documents and deposition exhibits, but excluding transcripts of depositions or other pretrial or trial proceedings): the Designating Party must affix the words "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" to each page that contains Designated Materials. If only a portion or portions of the material on a page qualifies for protection, the Designating Party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins).

    (b) Testimony given in deposition or in other pretrial or trial proceedings: the Parties must identify on the record, during the deposition, hearing, or other proceeding, all protected testimony, without prejudice to their right to so designate other testimony after reviewing the transcript. Any party or non-party may, within fifteen (15) days after receiving a deposition transcript, designate portions of the transcript, or exhibits thereto, as Designated Materials. Prior to the expiration of the fifteen (15) day period, the entire deposition transcript shall be treated as "Outside Attorneys' Eyes Only."

    (c) Other tangible items: the Designating Party must affix in a prominent place on the exterior of the container or containers in which the information or item is stored the word "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY." If only a portion or portions of the information or item warrant protection, the Designating Party, to the extent practicable, shall identify the protected portion(s).

    5.2   Failure to Designate.   A failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material.   Upon receiving correction of designation, the receiving party must make

STIPULATED PROTECTIVE ORDER - 6

SEBRIS BUSTO JAMES
14205 SE 36th Street – Suite 325
Bellevue, Washington 98006
Tel: (425) 454-4233 – Fax: (425) 453-9005

1   reasonable efforts to ensure that the material is treated in accordance with the provisions of this

2   Order.

3       5.3     Inadvertent Disclosures. If a Producing Party at any time notifies the receiving

4   party, in writing, that it inadvertently produced documents, testimony, information, or things that

5   are protected from disclosure under the attorney-client privilege, work product doctrine, or any

6   other applicable privilege or immunity, the receiving party shall: not review, or shall cease

7   review if then currently reviewing such items; promptly return, sequester or destroy all copies of

8   such documents, testimony, information, or things; not use or disclose the information until the

9   claim is resolved; and take reasonable steps to retrieve the information if the party disclosed it

10  before being notified. The return of any discovery item to the Producing Party shall not preclude

11  the Requesting Party from moving the Court for a ruling that: (i) the document or item was never

12  privileged or protected; or (ii) the privilege or protection has been waived.

13  6.      CHALLENGING CONFIDENTIALITY DESIGNATIONS

14      6.1     Timing of Challenges. Any party or non-party may challenge a designation of

15  confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality

16  designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic

17  burdens, or a significant disruption or delay of the litigation, a party does not waive its right to

18  challenge a confidentiality designation by electing not to mount a challenge promptly after the

19  original designation is disclosed.

20      6.2     Meet and Confer. The Parties must make every attempt to resolve any dispute

21  regarding confidentiality designations without Court involvement.   Any motion regarding

22  confidential designations must include a certification, in the motion or in a declaration or

23  affidavit, that the movant has engaged in a good faith meet and confer conference with other

24  affected Parties in an effort to resolve the dispute without Court action. The certification must list

25  the date, manner, and participants to the conference. A good faith effort to confer requires a face-

26  to-face meeting or a telephone conference.

27

28

STIPULATED PROTECTIVE ORDER - 7

1         6.3    Judicial Intervention.  If the Parties cannot resolve a challenge without Court

2   intervention, the Designating Party may file and serve a motion to retain confidentiality under

3   Local Civil Rule 7 (and in compliance with Local Civil Rule 5(g), if applicable).  The burden of

4   persuasion in any such motion shall be on the Designating Party. Frivolous challenges, and those

5   made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on

6   other Parties) may expose the challenging party to sanctions.  All Parties shall continue to

7   maintain the material in question as confidential until the Court rules on the challenge.

8   7.    PROTECTED MATERIAL SUBPOENAED OR PRODUCED IN OTHER LITIGATION

9         If a party is served with a subpoena or court order issued in other litigation that compels

10  disclosure of any information or items designated in this action as "Confidential" or "Highly

11  Confidential - Attorneys' Eyes Only," that party must:

12        (a) promptly notify the Designating Party in writing and include a copy of the

13  subpoena or court order;

14        (b) promptly notify in writing the party who caused the subpoena or order to issue

15  in the other litigation that some or all of the material covered by the subpoena or order is subject

16  to this Order.  Such notification shall include a copy of this Order; and

17        (c) cooperate with respect to all reasonable procedures sought to be pursued by

18  the Designating Party whose Designated Materials may be affected.

19  8.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

20        If a receiving party learns that, by inadvertence or otherwise, it has disclosed Designated

21  Materials to any person or in any circumstance not authorized under this Order, the receiving

22  party must immediately (a) notify in writing the Designating Party of the unauthorized

23  disclosures, (b) use its best efforts to retrieve all unauthorized copies of the protected material,

24  (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of

25  this Order, and (d) request that such person or persons execute the "Acknowledgment and

26  Agreement to Be Bound" that is attached hereto as Exhibit A.

27

28

STIPULATED PROTECTIVE ORDER - 8

SEBRIS BUSTO JAMES
14205 SE 36th Street – Suite 325
Bellevue, Washington  98006
Tel: (425) 454-4233 – Fax: (425) 453-9005

9.      NON TERMINATION AND RETURN OF DOCUMENTS

Within 60 days after the termination of this action, including all appeals, each receiving party must return all Designated Materials to the Producing Party, including all copies, extracts and summaries thereof.   Alternatively, the Parties may agree upon appropriate methods of destruction.

Notwithstanding this provision, counsel are entitled to retain one archival copy of all documents filed with the Court, trial, deposition and hearing transcripts, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Designated Materials.

The confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court orders otherwise.


IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.


DATED this 6th day of April, 2017.

SEBRIS BUSTO JAMES

/s/ Darren A. Feider
Darren A. Feider, WSBA #22430
Email: dfeider@sebrisbusto.com
Jeffrey A. James, WSBA #18277
Email: jaj@sebrisbusto.com
14205 SE 36th Street, Suite 325
Bellevue, WA 98006
Telephone: (425) 454-4233
dfeider@sebrisbusto.com
Attorneys for Defendants

BADGLEY MULLINS TURNER PLLC

/s/ Duncan Turner
Duncan Turner, WSBA #20597
Email: duncanturner@badgleymullins.com
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
Attorneys for Plaintiffs


STIPULATED PROTECTIVE ORDER - 9

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

LAW OFFICE OF DANIEL R. WHITMORE

/s/ Daniel R. Whitmore
Daniel R. Whitmore, WSBA #24012
Email: dan@whitmorelawfirm.com
2626 15th Avenue West, Suite 200
Seattle, WA 98119
Attorney for Plaintiffs

PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED: ___April 18, 2017___

The Honorable Robert S. Lasnik

STIPULATED PROTECTIVE ORDER - 10

SEBRIS BUSTO JAMES
14205 SE 36th Street – Suite 325
Bellevue, Washington 98006
Tel: (425) 454-4233 – Fax: (425) 453-9005

## EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____

_____ [print or type full address], declare under

penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order

that was issued by the United State District Court for the Western District of Washington on ____

_____ [date] in the case of *Mohamed Hussein, et al. v. Air Serv Corporation, et

al.*, Case No. 2:16-cv-278-RAJ.  I agree to comply with and to be bound by all the terms of this

Stipulated Protective Order and I understand and acknowledge that failure to so comply could

expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will

not disclose in any manner any information or item that is subject to this Stipulated Protective

Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the

Western District of Washington for the purpose of enforcing the terms of this Stipulated

Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

STIPULATED PROTECTIVE ORDER - 11

SEBRIS BUSTO JAMES
14205 SE 36th Street – Suite 325
Bellevue, Washington 98006
Tel: (425) 454-4233 – Fax: (425) 453-9005