The Honorable Robert Lasnik

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MOHAMED A. HUSSEIN, an individual, and
HASSAN HIRSI, an individual,

        Plaintiffs,

v.

AIR SERV CORPORATION, a foreign corporation,

        Defendant.

Case No. 2:16-cv-00278 RSL

**ORDER GRANTING STIPULATED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND APPOINTMENT OF CLASS REPRESENTATIVES**

Before the Court is the parties' Stipulated Motion for Preliminary Approval of the Class Action Settlement and Appointment of Class Representatives (Dkt. #32) and the Stipulated Motion and Submission of Amended Notice (Dkt. #42). The Court has considered the motions and attachments thereto. This Court has also reviewed the Parties' Settlement Agreement ("Agreement"), as well as the files, records and proceedings to date in this matter.[1]

Based on this Court's review of the Agreement and all of the files, records, and proceedings herein, the Court concludes, upon preliminary examination, that the Agreement and

---

[1] For purposes of this Order, capitalized terms used below shall have the meaning ascribed to them in the Stipulated Motions, unless otherwise defined.

ORDER - 1

**BADGLEY MULLINS TURNER** PLLC
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
TEL 206.621.6566
FAX 206.621.9686

Settlement appear fair, reasonable, and adequate, and within the range of reasonableness for preliminary settlement approval, and that a hearing should and will be held after notice to the Settlement Class (as described in Paragraph C below) to confirm that the Agreement and Settlement are fair, reasonable and adequate and to determine whether the Settlement should be approved and final judgment entered in the Action based upon the Agreement.

IT IS HEREBY ORDERED THAT:

A. <u>Preliminary Approval of Proposed Settlement</u>.

The Agreement is preliminarily approved as fair, reasonable and adequate and within the range of reasonableness for preliminary settlement approval. The Court finds that: (a) the Agreement resulted from extensive arm's length negotiations; and (b) the Agreement is sufficient to warrant notice of the Settlement to persons in the Settlement Class and a full hearing on the approval of the Settlement.

B. <u>Class Certification, Representatives, and Counsel.</u>

On March 1, 2017, this Court granted the Parties' Stipulated Motion for Class Certification, Appointment of Class Counsel and Class Representatives. Dkt. #24. A Class was certified under Fed. R. Civ. P. 23(b) as defined below:

> All employees of Air Serv who have been Transportation Workers and who worked one or more hours within the City of SeaTac at any time during the time period from January 1, 2014 to February 12, 2016 who can be ascertained from Air Serv's records as having been paid less than the prevailing minimum wage prescribed by City of SeaTac Ordinance 7.45.050 and who have not recovered back wages under separate legal action.

*Id.* The Court also appointed Mohamed A. Hussein and Hassan Hirsi as Class Representatives and the law firm of Badgley Mullins Turner PLLC as class counsel. *Id.*

Following certification of the Class, Class Representative Hassan Hirsi chose to join a parallel action pending in King County Superior Court, *Isse v. Air Serv*, King County Superior

ORDER - 2

**BADGLEY MULLINS TURNER** PLLC
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
TEL 206.621.6566
FAX 206.621.9686

Court Case No. 17-2-02687-5 SEA. As such, Mr. Hirsi cannot effectively serve in his capacity as Class Representative. To remedy this and to ensure Class Members' interests are protected by a quorum of diligent representatives, Mr. Hussein seeks the appointment of Class Members Hodan Ahmed Dahir and Mohamed Yusef as additional Class Representatives.

Ms. Dahir was employed as a cabin cleaner with Air Serv between June 2013 and September 2016. Before February 2016, Ms. Dahir was paid between $9.00 and $10.00 per hour. Ms. Dahir completed high school in the United States. Mr. Mohamed Yusef was employed as a cabin cleaner with Air Serv between September 2012 and March 2015. Mr. Yusef was paid approximately $8.75 per hour, and attended high school in his native-country of Somalia.

Both individuals are members of the Court-certified Class, were not Plaintiffs in the Isse matter, and have agreed to represent the interests of their fellow Class Members. Neither individual has any individual legal issue which would present a conflict of interest or disqualify them under Fed. R. Civ. P. 23(a)(4). *See* Plaintiff's Motion for Class Certification, Dkt. #15, pg. 6. Accordingly, the Court approves Ms. Dahir and Mr. Yusef as Class Representatives.

C. <u>Settlement Hearing.</u>

A final approval hearing (the "Settlement Hearing") shall be held before the Honorable Robert Lasnik on December 5, 2018, at 10:30 a.m. as set forth in the Notice to the Settlement Class (described in Paragraph D below), to determine whether the Agreement is fair, reasonable and adequate and should be approved. Papers in support of final approval of the Agreement, the incentive awards to the Class Representatives, and Class Counsel's application for an award of attorneys' fees, costs and expenses (the "Fee Application") shall be filed with the Court according to the schedule set forth in Paragraph M below. If the Settlement Hearing is postponed, adjourned, or continued by order of the Court, the Parties shall notify the Settlement Class by posting the change on the Settlement Website. After the Settlement Hearing, the Court may enter a settlement order and final judgment in accordance with the Agreement that will adjudicate the rights of the Settlement Class Members with respect to the

BADGLEY MULLINS TURNER PLLC
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
TEL 206.621.6566
FAX 206.621.9686

Released Claims being settled. The scope of the Released Claims shall be a full and complete release of any and all claims, known or unknown, asserted or unasserted, arising under any provisions of Proposition 1 and Chapter 7.45 *et seq.* of the City of SeaTac Municipal Code, the Washington Minimum Wage Act, and the Fair Labor Standards Act.

D. Class Notice.

Class Notice shall be sent within twenty-one (21) days following entry of this Order.

E. Mail Notice.

The Settlement Administrator (Simpluris) will provide mail notice to persons in the Settlement Class for whom the Defendant possesses a mailing address. Mail Notice will be sent via direct mail to the most recent mailing address as reflected in reasonably available employment records of the Defendant. Skip tracing shall be performed by the Settlement Administrator for all returned mail.

The Settlement Administrator shall also provide email notice to persons in the Settlement Class for whom the Defendant possesses an email address.

F. Findings Concerning Class Notice.

The Court finds that the foregoing program of Class Notice and the manner of its dissemination is the best practicable notice under the circumstances and is reasonably calculated to apprise the Settlement Class of the pendency of this Action and their right to object to or exclude themselves from the Settlement Class. The Court further finds that the Class Notice program is reasonable, that it constitutes due, adequate and sufficient notice to all persons entitled to receive notice and that it meets the requirements of due process and FRCP 23. The Court hereby approves the Notice in substantially the same form as that attached to the Stipulated Motion and Submission of Amended Notice at Dkt. #42-1, with the addition of the following paragraph after the "What does the Settlement provide" section:

BADGLEY MULLINS TURNER PLLC
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
TEL 206.621.6566
FAX 206.621.9686

**How does this compare with the Isse case?**

The *Isse* case involved 220 of your co-workers who decided to be part of a separate case – not the class action. They settled their case in November 2017. They have received 100% of their back pay and sick leave, plus 18.6% as a compromise on their interest/double damages claims. Their attorneys were paid $100,000. It is too late for you to join *Isse* and the *Isse* settlement has been fully distributed to its plaintiffs. If you opt-out of this settlement, there is no guarantee that you will achieve the same recovery as in *Isse* or any recovery at all. If you bring your own action, you may receive nothing, less, the same, or more.

G. Administration.

The Court confirms that it is appropriate for the Defendant to provide the information necessary for the Settlement Administrator to provide the notice contemplated herein and to administer the settlement, including names, addresses and Individual account information.

H. Exclusion from the Settlement Class.

Persons in the Settlement Class will possess the right to opt out by sending a written request to a designated address within thirty (30) days after the Notice Deadline. All Settlement Class Members who do not opt out in accordance with the terms set forth herein will be bound by all determinations and judgments in the Action. Exclusion requests must be signed and include the following statement: "I request to be excluded from the class settlement in *Hussein., et al., v. Air Serv Corporation, Case No. 2:16-cv-00278-RSL*." The Settlement Administrator will retain a copy of all requests for exclusion. Not later than 15 days from the exclusion deadline, the Settlement Administrator shall provide Class Counsel with all objections received, which shall then be filed with the Court.

I. Objections and Appearances.

Any person in the Settlement Class who has not timely submitted a valid request for exclusion from the Settlement Class, and thus is a Settlement Class Member, may appear at the Final Approval Hearing to argue that the proposed Settlement should not be approved and/or to oppose the application of Class Counsel for an award of attorneys' fees and the incentive

BADGLEY MULLINS TURNER PLLC
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
TEL 206.621.6566
FAX 206.621.9686

awards to the Class Representatives. In order to be heard at the hearing, the person must make any objection in writing and mail it to the designated address not later than _____. Any objections that are not timely filed and mailed may be forever barred.

J.  Further Papers In Support Of Settlement And Fee Application.

Class counsel shall file their fee request on or before the Initial Notice Mailing Date. The deadline to respond to objections shall be fifteen (15) days following the Objection/Exclusion deadline.

K.  Effect of Failure to Approve the Agreement.

In the event the Agreement is not approved by the Court, or for any reason the Parties fail to obtain a Final Judgment as contemplated in the Agreement, or the Agreement is terminated pursuant to its terms for any reason, then the following shall apply:

1. All orders and findings entered in connection with the Agreement shall become null and void and have no further force and effect, shall not be used or referred to for any purposes whatsoever, and shall not be admissible or discoverable in any other proceeding;

2. The conditional certification of the Settlement Class pursuant to this Order shall be vacated automatically and void; no doctrine of waiver, estoppel or preclusion shall be asserted in any litigated certification proceedings in the Action; and the Agreement and its existence shall be inadmissible to establish any fact relevant to class certification or any alleged liability of the Defendant for the matters alleged in the Action or for any other purpose;

BADGLEY MULLINS TURNER PLLC
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
TEL 206.621.6566
FAX 206.621.9686

3. Nothing contained in this Order is, or may be construed as, any admission or concession by or against the Defendant or Plaintiffs on any point of fact or law.

L. <u>Stay/Bar Of Other Proceedings.</u>

All proceedings in this Action are stayed until further order of the Court, except as may be necessary to implement the terms of the settlement. Pending final determination of whether the settlement should be approved, Plaintiffs, all persons in the Settlement Class and persons purporting to act on their behalf are enjoined from commencing or prosecuting (either directly, representatively or in any other capacity) against any of the Released Parties any action, arbitration or proceeding in any court, arbitration forum or tribunal asserting any of the Released Claims.

//

//

//

//

//

//

**BADGLEY MULLINS TURNER** PLLC
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
TEL 206.621.6566
FAX 206.621.9686

M. <u>Timeline</u>.

| ACTION | DATE |
|---|---|
| Preliminary Approval Order Entered | July 27, 2018 |
| Initial Notice Mailing Date | August 17, 2018 |
| Class Counsel's Fee Motion Submitted | August 17, 2018 |
| Notice Deadline | September 10, 2018 |
| Exclusion/Objection Deadline | October 10, 2018 |
| Final Approval Brief and Response to Objections | October 25, 2018 |
| Final Approval Hearing / Noting Date | December 5, 2018 |
| Final Approval Order Entered | At the Court's discretion. |

The Final Hearing, is scheduled on December 5, 2018 at 10:30 a.m. in Courtroom 15106 at the United States Courthouse, 700 Stewart Street, Seattle, WA 98101.

DATED this 27th day of July, 2018.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
U.S. District Court Judge