1

2

3                                                        The Honorable Robert Lasnik

4

5

6

7

8                     UNITED STATES DISTRICT COURT
                     WESTERN DISTRICT OF WASHINGTON
9                             AT SEATTLE

10   MOHAMED A. HUSSEIN, an individual, and        Case No.  2:16-cv-00278 RSL
     HASSAN HIRSI, an individual,
11                                                 **PLAINTIFFS' MOTION FOR
12                              Plaintiffs,         ATTORNEY'S FEES, COSTS AND
          v.                                       CLASS REPRESENTATIVES'
13                                                 INCENTIVE AWARDS**

14   AIR SERV CORPORATION, a foreign               **NOTE ON MOTION CALENDAR:
     corporation,                                  December 5, 2018 at 10:30a.m.**
15                              Defendant.

16          Counsel for the Plaintiffs and Class, Badgley Mullins Turner, PLLC and the Law Office

17   of Daniel Whitmore ("Class Counsel"), respectfully submit this Motion for Attorney's Fees,

18   Costs, and Class Representatives' Incentive Awards on behalf of Plaintiffs Mohamed A.

19   Hussein, Hodan A. Dahir, and Mohamed Yusuf.

20                            **I. FACTUAL HISTORY.**

21

22          In November 2013, voters in SeaTac, Washington approved Proposition 1 and set a

23   $15.00 hourly minimum wage for hospitality and transportation workers within the city.

24   Proposition 1 was codified as SeaTac Municipal Code 7.45 (the "Ordinance") and went into

25   effect January 1, 2014. After the Ordinance went into effect, the Defendant ABM Industries, Inc.

26   (formerly operating as Air Serv Corporation) ("Air Serv") failed to pay its workers the

PLAINTIFFS' MOTION FOR ATTORNEY'S                  **BADGLEY MULLINS TURNER** PLLC
FEES, COSTS AND CLASS REPRESENTATIVES'             19929 Ballinger Way NE, Suite 200
INCENTIVE AWARDS - 1                               Seattle, WA 98155
2:16-cv-00278 RSL                                  **TEL** 206.621.6566
                                                   **FAX** 206.621.9686

prescribed minimum wage.

Class Counsel has frequently represented workers in and around Seattle-Tacoma International Airport. Through these relationships, Class Counsel learned that many employers were ignoring the Ordinance and the failing to pay the prescribed minimum hourly wage. When these workers expressed an interest in seeking payment of the mandated wage, Class Counsel began meeting with workers and researching a potential class action against Air Serv.

This class action and others like it send an important message to employers and deter exploitation of low-income hourly worker. Despite their concerns about potential retaliation, Plaintiffs persevered and have bettered the lives of their co-workers and others working in SeaTac, WA.

This action was originally filed in King County Superior Court on January 20, 2016. Defendant removed the case to federal court on February 25, 2016.  The Complaint was amended while the matter was still in King County Superior Court, then on March 16, 2016 the second Amended Complaint was filed in federal court.  Between May 2017 and November 2017, the Parties participated in active settlement discussions and on November 2, 2017, the Parties participated in mediation with well-respected mediator, Teresa Wakeen of Wakeen & Associates. With the assistance of Ms. Wakeen, the Parties reached an initial resolution of this case after a lengthy mediation session.  Thereafter, the parties negotiated the final terms of the settlement agreement.  At all times the negotiations were adversarial, non-collusive, and at arm's length.  The mediation and subsequent negotiations culminated into a Settlement Agreement and Release of Claims (the "Agreement"), which was signed by the parties on or about March 22, 2018.  Under the Settlement Agreement, Defendant Air Serv will pay Maximum Settlement Amount of Three Million, Seventy Thousand, Three Hundred Dollars,

PLAINTIFFS' MOTION FOR ATTORNEY'S
FEES, COSTS AND CLASS REPRESENTATIVES'
INCENTIVE AWARDS - 2
2:16-cv-00278 RSL

BADGLEY MULLINS TURNER PLLC
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
TEL 206.621.6566
FAX 206.621.9686

and Thirty-Three Cents ($3,070,300.33). In considering settlement, Class Counsel weighed and researched the arguments raised by Air Serv in negotiations. After considering these arguments and weighing the risk of an unfavorable outcome posed by continued litigation, the Plaintiffs accepted Air Serv's settlement offer as embodied in the Settlement Agreement. The Settlement Agreement represents all unpaid wages, sick pay, attorney's fees, administrative fees, and incentive awards for class representatives.[1]

As with other class actions arising under the Ordinance, there were relatively limited facts in dispute. During negotiations, Air Serv raised legal arguments that required legal research and discussions with co-counsel; this is reflected in Class Counsel's proposed lodestar cross-check.

Further, Class Counsel requests the Court award Plaintiffs Mohamed A. Hussein, Hodan A. Dahir, and Mohamed Yusuf for their roles as Class Representatives the amount of $3,000.00 ($1,000.00 each) for their time incurred and risk of pursuing this litigation.

## II. DISCUSSION.

The common fund doctrine dictates that lawyers who recover "common funds" are entitled to award of attorney's fees from the common fund. *Boeing Co. v. Van Gemert*, 444 U.S. 472, 478 (1980); *Staton v. Boeing Co.*, 327 F.3d 938, 967 (9th Cir. 2003). The doctrine's central purpose is to spread litigation expenses among those who benefit. *Paul, Johnson, Alston & Hunt v. Graulty*, 886 F.2d 268, 271 (9th Cir. 1989). Courts applying the common fund doctrine must ensure the fees awarded are "fair, reasonable, and adequate." See *Staton*, 327 F.3d at 963-64 (citing *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998)).

The Court should consider Class Counsel's request in light of the of Three Million,

---

[1] Because the settlement provides for employer-contribution payroll taxes to be paid from the gross settlement value, Class Members' estimated net recovery is estimated to be 97.8% of earned back wages and sick pay.

**PLAINTIFFS' MOTION FOR ATTORNEY'S FEES, COSTS AND CLASS REPRESENTATIVES' INCENTIVE AWARDS - 3**
2:16-cv-00278 RSL

**BADGLEY MULLINS TURNER** PLLC
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
**TEL** 206.621.6566
**FAX** 206.621.9686

Seventy Thousand, Three Hundred Dollars, and Thirty-Three Cents ($3,070,300.33) provided in the Settlement Agreement, including the negotiated attorney fee contribution of $175,000.00.

**A. Class Counsel's Fee Request Is Fair and Reasonable.**

To resolve this case, Air Serv agreed to contribute $175,000.00 towards Class Counsel's attorney's fees and costs. This contribution is in addition to amounts set aside for unpaid back wages and interest to Class Members, and an incentive awards for the Class Representatives. Because Class Counsel's fee request directly reflects Air Serv's contribution towards attorney's fees and costs, the request is fair and reasonable.

**1. Class Counsel achieved excellent results for the Plaintiffs and Class Members.**

When calculating a fair and reasonable award, the results achieved by counsel are the most critical factor to consider. See *Hensley v. Eckerhart*, 461 U.S. 424, 436 (1983); *Vizcaino*, 290 F.3d at 1048 ("exceptional results are a relevant circumstance" in awarding attorneys' fees). In this case, Class Counsel obtained a favorable settlement for the Plaintiffs and the Class.

Prior to settlement, Air Serv provided Plaintiffs' counsel with payroll information, from which it calculated the aggregate damages. This process included identifying potential class members, the number of hours they worked and the various rates (straight time, overtime, holiday, etc.) at which they were actually paid. After performing this analysis, Class Counsel negotiated with Air Serv to obtain a settlement value representing owed back wages and interest owed to Class Members. In doing so, Class Counsel effectively persuaded Air Serv not to pursue the defenses and arguments presented in negotiations. After deducting the $175,000.00 in requested attorney's fees and costs, $20,000 in estimated administrative fees, and $3,000.00 ($1,000.00 each) for service awards for the Class Representatives, the remaining $2,872,300.33 will be paid to Settlement Class Members, representing both back wages and sick pay. From this

PLAINTIFFS' MOTION FOR ATTORNEY'S
FEES, COSTS AND CLASS REPRESENTATIVES'
INCENTIVE AWARDS - 4
2:16-cv-00278 RSL

**BADGLEY MULLINS TURNER** PLLC
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
TEL 206.621.6566
FAX 206.621.9686

amount employer-contribution payroll taxes will be deducted. This is a favorable outcome and saves Class Members from the burden of individually litigating their claims.

### 2. Because of the complex issues in this case, the risk of loss for Plaintiffs and Class Members was high.

The Ninth Circuit recognizes that the public interest is served by rewarding attorneys who assume representation on a contingent basis to compensate them for the risk that they might be paid nothing at all for their work. *In re Wash. Pub. Power*, 19 F.3d at 1299 ("Contingent fees that may far exceed the market value of the services if rendered on a non-contingent basis are accepted in the legal profession as a legitimate way of assuring competent representation for plaintiffs who could not afford to pay on an hourly basis regardless whether they win or lose."); *Vizcaino*, 290 F.3d at 1051 (courts reward successful class counsel in contingency cases "for taking the risk of nonpayment by paying them a premium over their normal hourly rates"). *Omnivision*, 559 F. Supp. 2d at 1046-47 ("The risk that further litigation might result in Plaintiff not recovering at all, particularly a case involving complicated legal issues, is a significant factor in the award of fees.").

Class Counsel prosecuted this matter on a purely contingent basis, agreeing to advance all necessary expenses, and to only recover fees if there was recovery. Class Counsel have invested considerable time and money in prosecuting this action. Further, Class Counsel has incurred additional fees by communicating with class members through the media, an informational website, and by telephone. Turner Dec., ¶5. Class Counsel's "substantial outlay, when there is a risk that that none of it will be recovered, supports the award of the requested fees" here. *Omnivision*, 559 F. Supp. 2d at 1047.

The Ordinance's hourly minimum wage was unprecedented in the United States, and thus, the legal issues surrounding its enforceability are novel and complex. Because of Class

PLAINTIFFS' MOTION FOR ATTORNEY'S
FEES, COSTS AND CLASS REPRESENTATIVES'
INCENTIVE AWARDS - 5
2:16-cv-00278 RSL

**BADGLEY MULLINS TURNER** PLLC
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
**TEL** 206.621.6566
**FAX** 206.621.9686

Counsel's diligent and pragmatic advocacy, the Plaintiffs and the class members were able to overcome the risk of loss and obtain a favorable outcome. As such, Class Counsel's request for a $175,000.00 fee-award is fair and reasonable.

**B.  Class Counsel's Quality of Work, Hourly Rate, and the Hours Worked Support the Requested Fee.**

The "prosecution and management of a complex national class action requires unique legal skills and abilities" that are to be considered when evaluating fees. *Omnivision*, 559 F. Supp. 2d at 1047. Class Counsel are experienced class action litigators who have become particularly skilled and experienced in litigating wage and hour class actions. In this action, their firms have spent 291.2 hours efficiently applying their skill, education, and experience. Turner Dec., ¶6, Whitmore Dec., ¶5.  Among the various performed, Class Counsel researched, and briefed multiple legal issues, reviewed evidence and payroll information provided by Air Serv, and communicated with putative class members. *Id*. In negotiations, Class Counsel skillfully advocated for their clients and Class Members but were realistic and pragmatic in their settlement approach and financial benchmarks. Class Counsel's fee request reflects the numbers of hours worked and the benefits of their labor.

**C.  A Lodestar Cross-Check Confirms the Reasonableness of the Requested Fee.**

The Ninth Circuit has encouraged, but not required, courts to conduct a lodestar crosscheck when assessing the reasonableness of a percentage fee award. *See In re Bluetooth*, 654 F.3d at 944 (stating "we have also encouraged courts to guard against an unreasonable result by cross-checking their calculations against a second method" of determining fees). The first step in the lodestar method is to multiply the number of hours counsel and non-attorney staff reasonably expended on the litigation by a reasonable hourly rate. *Hanlon v. Chrysler Corp*, 150 F.3d 1011, 1029 (9th Cir. 1998); *see also Earthquake Sound Corp. v. Bumper Indus.*, 352 F.3d

PLAINTIFFS' MOTION FOR ATTORNEY'S FEES, COSTS AND CLASS REPRESENTATIVES' INCENTIVE AWARDS - 6
2:16-cv-00278 RSL

**BADGLEY MULLINS TURNER** PLLC
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
TEL 206.621.6566
FAX 206.621.9686

1210 (9th Cir. 2003) (upholding lodestar-based fee award that included substantive case related

work performed by attorneys, paralegals, and clerks).

**D. Class Counsel's Lodestar is Reasonable.**

Class Counsel have devoted approximately 291.2 hours to the investigation, litigation,

and resolution of this complex case and have additional time requirements, thereby incurring

more than $121,638.54 in lodestar. Turner Dec., ¶11, Whitmore Dec., ¶5. Class Counsel spent

time analyzing factual and legal issues, communicating with Plaintiffs and class members, and

analyzing payroll data for the 464 class members. Turner Dec., ¶2 and 3.  In addition, Class

Counsel expects to incur additional hours shepherding this case through to final resolution. *Id.*,

¶7 and 11. This work will include overseeing the claims process, responding to objections,

drafting and filing a motion for final approval, and attending the final approval hearing. *Id.*

The time Class Counsel devoted to this case is reasonable. Plaintiffs faced an uphill battle

and a defendant with the legal and financial resources for protracted litigation. As discussed

above, Class Counsel made every effort to prosecute the claims efficiently and quickly to an

excellent resolution for the Plaintiffs and class members. Class Counsel had no incentive to act in

a manner that was anything but economical. *See Moreno v. City of Sacramento*, 534 F.3d 1106,

1112 (9th Cir. 2008) ("[L]awyers are not likely to spend unnecessary time on contingency cases

in the hope of inflating their fees. The payoff is too uncertain, as to both the result and the

amount of the fee.") Throughout this case, Class Counsel endeavored to provide diligent,

pragmatic and effective representation. In negotiating this settlement, Class Counsel

accomplished this.

**1. Class Counsel's hourly rates are reasonable.**

Class Counsel's hourly rates are also reasonable.  In determining a reasonable rate, the

PLAINTIFFS' MOTION FOR ATTORNEY'S
FEES, COSTS AND CLASS REPRESENTATIVES'
INCENTIVE AWARDS - 7
2:16-cv-00278 RSL

BADGLEY MULLINS TURNER PLLC
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
TEL 206.621.6566
FAX 206.621.9686

court considers the "experience, skill and reputation of the attorney requesting fees." *Trevino v. Gates* 99 F.3d 911, 924 (9th Cir. 1996). The court also considers "the prevailing market rates in the relevant community." *Blum v. Stenson*, 465 U.S. 886, 895 (1984). Class Counsel are experienced, highly regarded members of the bar with extensive expertise in the area of class actions and complex litigation involving consumer claims like those at issue here. *See* Declarations of Duncan C. Turner and Daniel Whitmore filed with Motion for Preliminary Approval.

The rates charged for attorneys and staff members working on this matter range from $110.00 to $565.00, with the majority of the work performed by Mr. Turner at an hourly rate of $565.00 and Mr. Whitmore at an hourly rate of $495.00. These are the rates of Class Counsel in similar matters. These rates are also consistent with "reasonable rates" in other class actions. *See Pelletz v. Weyerhaeuser Co.*, 592 F. Supp. 2d 1322, 1326-27 (W.D. Wash. 2009) (approving hourly rates for work performed that ranged from $415 to $760); *Zwicker v. Gen. Motors Corp.*, No. C07-0291 JCC (W.D. Wash. 2008) (approving partners' hourly rates up to $650); *Dell v. Carideo*, No. C06-1772 JLR (W.D. Wash. 2010) (approving plaintiffs' fee request at comparable rates to those sought here); *Khadera v. ABM Indus., Inc.* C08-0417 RSM (W.D. Wash. Oct. 2012) (same); *Arthur v. Sallie Mae, Inc.* C10- 00198 JLR (Sept. 2012 W.D. Wash.) (same); *Meilleur v. AT&T Corp.* C11-01025 MJP (W.D. Wash. March 2013) (same). Class Counsel's hourly rates are reasonable and appropriate for calculating the lodestar.

## E.    Class Counsel Are Entitled to Reimbursement for Their Costs.

"Reasonable costs and expenses incurred by an attorney who creates or preserves a common fund are reimbursed proportionately by those class members who benefit from the settlement." *In re Media Vision Tech. Sec. Litig.*, 913 F. Supp. 1362, 1366 (N.D. Cal. 1996).

PLAINTIFFS' MOTION FOR ATTORNEY'S
FEES, COSTS AND CLASS REPRESENTATIVES'
INCENTIVE AWARDS - 8
2:16-cv-00278 RSL

**BADGLEY MULLINS TURNER** PLLC
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
**TEL** 206.621.6566
**FAX** 206.621.9686

1   Class Counsel incurred out-of-pocket costs totaling $4,018.04 primarily to cover expenses

2   representing costs such as filing and mediation fees, computerized legal research, investigation

3   expenses, travel, and administrative costs such as copying, mailing, and messenger expenses.

4   Turner Dec., ¶9. Class Counsel expects to incur an additional $1,000.00 in costs and expenses.

5   *Id.*, ¶10. Class Counsel put forward these out-of-pocket costs without assurance that they would

6   be recouped. Turner Dec., ¶9. These out-of-pocket costs were necessary to secure the resolution

7   of this litigation, and should be recouped.

8   **F.  The Requested Service Award for the Class Representative Is Reasonable.**

9   Service awards (sometimes called "incentive" awards) compensating named plaintiffs for

10  work done on behalf of the Settlement Class attempt to account for financial or reputational risks

11  associated with litigation, and promote the public policy of encouraging individual plaintiffs to

12  undertake the responsibility of representative lawsuits. *See Rodriguez v. West Publ'g Corp.*, 563

13  F.3d 948, 958-959 (9th Cir. 2009). To determine the appropriate service award, courts examine

14  the plaintiffs' participation and actions, the degree to which the class benefitted from those

15  actions, and the reasonable fear of workplace retaliation. *Staton*, 327 F.3d 938, 977 (9th Cir.

16  2003).

17  

18  In this case, the Plaintiffs courageously brought claims despite the perceived threat of

19  workplace retaliation or harassment. The Plaintiffs also worked with Class Counsel to provide

20  their own payroll data, and information regarding the roles and duties of other workers at Air

21  Serv. Turner Dec., ¶12. This information aided Class Counsel in determining whether Air Serv

22  was a qualified employer under the Ordinance and the veracity of Plaintiffs' claims. *Id.* The

23  Plaintiffs were not deposed and did not testify. *Id.* Considering their participation and personal

24  risk, the requested incentive awards of $3,000.00 ($1,000.00 each) for the class representatives is

25  

26  

PLAINTIFFS' MOTION FOR ATTORNEY'S
FEES, COSTS AND CLASS REPRESENTATIVES'
INCENTIVE AWARDS - 9
2:16-cv-00278 RSL

**BADGLEY MULLINS TURNER** PLLC
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
TEL 206.621.6566
FAX 206.621.9686

reasonable and fair.

### III. CONCLUSION

Both the Plaintiffs and Class Counsel faced risks in pursuing this action and these claims. Despite these risks, both Plaintiffs and Class Counsel acted quickly and efficiently to demonstrate the economic benefit of an agreed-resolution to Air Serv, and to negotiate a favorable settlement for wages owed under the Ordinance. Based on the actions of Plaintiffs and Class Counsel, over 464 Air Serv employees will receive compensation. Considering the benefit to the Class Members, both Class Counsel and Plaintiffs' requests are reasonable and fair, and thus, should be awarded by the Court.

DATED this 17th day of August, 2018.

BADGLEY MULLINS TURNER PLLC

*s/Duncan C. Turner*
Duncan C. Turner, WSBA #20597
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
Telephone:  (206) 621-6566
Email:  dturner@badgleymullins.com
**Attorneys for Plaintiffs and the Class**

LAW OFFICE OF DANIEL R. WHITMORE

*s/Daniel R. Whitmore*
Daniel R. Whitmore, WSBA #24012
2626 15th Avenue West, Suite 200
Seattle, WA 98119
Telephone: (206) 329-8400
Email: dan@whitmorelawfirm.com
**Attorneys for Plaintiffs and the Class**

**PLAINTIFFS' MOTION FOR ATTORNEY'S
FEES, COSTS AND CLASS REPRESENTATIVES'
INCENTIVE AWARDS - 10**
2:16-cv-00278 RSL

**BADGLEY MULLINS TURNER** PLLC
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
TEL 206.621.6566
FAX 206.621.9686

1

2

**CERTIFICATE OF SERVICE**

3    I hereby certify that on the 17th day of August, 2018, the undersigned served a true and

4 correct copy of the foregoing and its supporting documents on the following party(ies) via the

5 method indicated below:

6

7    Jeffrey A. James, WSBA #18277    [X] Email
    Darren A. Feider, WSBA #22430    [ ] U.S. Mail

8    SEBRIS BUSTO JAMES      [ ] ABC Legal Messenger
    Email:  jaj@sebrisbusto.com     [ ] Facsimile
    Email:  dfeider@sebrisbusto.com

9    **Attorneys for Defendant**

10

11    David N. Mark, WSBA #13908
    WASHINGTON WAGE CLAIM PROJECT  [X] Email

12    810 Third Ave., Suite 500      [ ] U.S. Mail
    Seattle, WA 98104       [ ] ABC Legal Messenger

13    Email: david@wageclaimproject.org   [ ] Facsimile
    **Attorneys for Abdisalan Fitaye**

14

15        *s/ Jennifer Bates*
        Jennifer Bates, Paralegal

16        **BADGLEY MULLINS TURNER PLLC**
        Email: jbates@badgleymullins.com

17

18

19

20

21

22

23

24

25

26

PLAINTIFFS' MOTION FOR ATTORNEY'S
FEES, COSTS AND CLASS REPRESENTATIVES'
INCENTIVE AWARDS - 11
2:16-cv-00278 RSL

**BADGLEY MULLINS TURNER** PLLC
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
TEL 206.621.6566
FAX 206.621.9686