UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MOHAMED A. HUSSEIN, an individual, and HASSAN HIRSI, an individual,<br><br>                    Plaintiffs,<br>    v.<br>AIR SERV CORPORATION, a foreign corporation,<br>                    Defendant. | Case No. 2:16-cv-00278 RSL<br><br>**ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND DISMISSING ACTION WITH PREJUDICE** |

      THIS MATTER came before the Court on Plaintiffs' Motion for Final Approval of Settlement. The Court has considered all papers and materials submitted by the parties in support of the proposed Settlement Agreement, including Plaintiffs' preliminary and final motions in support of approval of the Settlement Agreement, all documents and exhibits filed in support thereof, and the entire record in this case. Having considered these materials and the statements of counsel at the Final Approval Hearing on December 4, 2018, the Court, being fully advised in the premises, has determined that the proposed Settlement Agreement should be approved as fair, adequate, and reasonable. In making this determination, the Court has considered the likelihood of success both with respect to Plaintiffs' claims and Defendant's defenses. The Court has also considered the status and extent of the Parties' investigation, research, discovery, and negotiation

**ORDER GRANTING FINAL APPROVAL - 1**

with respect to Plaintiffs' claims and Defendant's defenses. The Court has reviewed the terms of the Settlement Agreement and has considered the recommendations of counsel for all parties. The Court is aware that substantial time and expense would be required to litigate Plaintiffs' claims in the event the proposed Settlement Agreement is not approved. Finally, the Court finds that all settlement negotiations were conducted in good faith and at arms' length and that there was no collusion. Good cause appearing therefore, it is hereby ORDERED, ADJUDGED, AND DECREED THAT:

1) The definitions set forth in the parties' Settlement Agreement, and the Court's July 27, 2018 Order Granting Stipulated Motion for Preliminary Approval of Class Action Settlement and Appointment of Class Representatives ("Preliminary Order") and September 4, 2018 Amended Order Granting Stipulated Motion to Modify Preliminary Approval Timeline ("Amended Order") are hereby incorporated herein as though fully set forth in this Order Granting Final Approval of Class Action Settlement and Dismissing Action With Prejudice ("Final Judgment").

2) The Court has jurisdiction over the subject matter of this action and all parties, including members of the Class previously certified by the Court, which consists of:

> All employees of Air Serv[1] who have been Transportation Workers and who worked one or more hours within the City of SeaTac at any time during the time period from January 1, 2014 to February 12, 2016 who can be ascertained from Air Serv's records as having been paid less than the prevailing minimum wage prescribed by City of SeaTac Ordinance 7.45.050 and who have not recovered back wages under separate legal action.

---

[1] Air Serv is now operating under the name ABM Aviation, Inc. ("ABM").

ORDER GRANTING FINAL APPROVAL - 2

3) The Settlement Agreement was the result of arm's length negotiations between the Defendant and Class Counsel. The Court hereby approves the Settlement Agreement and finds that it is fair, reasonable, and adequate to the Class Members.

4) On or about August 31, 2018, the Notice of Class Action Settlement ("Notice") was mailed to the last-known addresses of all Class Members. The Court finds and concludes that said Notice fully satisfied the requirements of FRCP 23(c)(2)(B) and FRCP 23(e) and the requirements of due process.

5) No objections to the Settlement were received after Notice was sent.

6) David Mark submitted documentation to Simpluris indicating that seventy-eight Class Members sought to opt-out of the Settlement. Based on a full review of this documentation and the arguments and evidence submitted by Mr. Mark and ABM, the Court finds that these seventy-eight opt-outs have opted-out of the Settlement and are no longer part of the Class.

7) Consistent with Section II of the Settlement Agreement, neither this Final Judgment, nor the fact or substance of the Settlement Agreement, shall be considered a concession or admission by or against the Defendant or any of the parties released in Section 6.01 of the Settlement Agreement ("Released Parties"), nor shall they be used against any of the Released Parties as an admission, waiver or indication with respect to any claim, defense, or assertion or denial of wrongdoing or legal liability.

8) The Court hereby dismisses this action and any and all settled claims with prejudice as to Plaintiffs and all Class Members, and without costs or attorneys' fees to any Party except as provided under the terms of the Settlement Agreement, this Final Judgment, and the Court's Order Granting Plaintiffs' Motion for Award of Attorney's Fees and Incentive Awards.

9) The Court finds that Plaintiffs and Class Counsel adequately represented the Class for purposes of entering into and implementing the Settlement.

10) The parties are hereby directed to proceed with the settlement payment procedures specified under the terms of the Settlement Agreement, including those contained in Section V of the Settlement Agreement.

11) Plaintiffs and all remaining Class Members, and all persons purporting to act on their behalf, are hereby barred and permanently enjoined from maintaining, prosecuting, commencing, or pursuing any claim (either directly, representatively, or in any other capacity) released under Section 6.01 of the Settlement Agreement against any of the Released Parties in any action, arbitration, or proceeding in any court, arbitration forum, or tribunal, and Plaintiffs and all remaining Class Members shall be conclusively deemed to have released and discharged the Released Parties from any and all such claims.

12) Without affecting the finality of this Final Judgment for purposes of appeal, the Court reserves jurisdiction over the Parties as to all matters relating to the administration, consummation, enforcement, and interpretation of the Settlement Agreement, the Final Judgment, the Court's Order Granting Plaintiffs' Motion for Award of Attorney's Fees and Incentive Awards, and for any other necessary purposes.

13) The Parties are hereby authorized, without further approval from the Court, to mutually agree to and adopt such amendments, modifications, and expansions of the Settlement Agreement and all exhibits thereto as (i) are consistent in all material respects with this Final Judgment and the Court's Order Granting Plaintiffs' Motion for Award of Attorney's Fees and Incentive Awards, (ii) are effected consistently with the terms of the Settlement Agreement, and (iii) do not limit the rights of the Class Members.

14) In the event that the Settlement Agreement does not become effective as provided under its terms, this Final Judgment and the Court's Order Granting Plaintiffs' Motion for Award of Attorney's Fees and Incentive Awards shall be rendered null and void and shall be vacated and, in such event, all orders entered in connection therewith shall be vacated and rendered null and void, and all conditions enumerated in Section K of the Court's Preliminary Order shall apply.

15) The Court approves the proposed class action settlement, and orders the following: (a) ABM is directed to fund the settlement, (b) ABM is authorized to distribute the Settlement Funds, and (c) ABM is directed to distribute the attorney's fees and incentive awards as provided in the "Order Granting Motion for Attorney's Fees and Incentive Awards," of even date.

**IT IS SO ORDERED.**

Dated this 20th day of December, 2018.

*[signature]*
**Honorable Robert S. Lasnik**
**United States District Judge**